## BRUNET v. SCHULMAN BROS.[*]

### No. 16834.

Court of Appeal of Louisiana. Orleans.

Jan. 10, 1938.

J. Rosenberg, of New Orleans, for appellants.

Daly & Hamlin & J. G. Dempsey, all of New Orleans, for appellee.

McCALEB, Judge.

This is an ejectment proceeding by a landlord against his tenant under the provisions of section 2155 of the Revised Statutes, as amended by Act No. 55 of 1926 and Act No. 200 of 1936. Plaintiff alleges that, on June 24, 1933, he leased the building located on

[*]Rehearing refused Jan. 24, 1938.

North Claiborne and Ursuline avenues in the city of New Orleans, commonly called the Plaza Theatre, unto Schulman Bros., a copartnership composed of Alex and Harry Schulman, for a period of two months from July 1, 1933, to September 1, 1933, in consideration of a monthly rental of $150; that on September 1, 1933, he again leased said property to the defendant for a period of two years in consideration of the same monthly rental; that on December 1, 1933, he granted to the defendant the privilege of renewal of said lease for a period of two years from September 1, 1935, to September 1, 1937, and that on July 29, 1935, the defendant served notice in writing upon him that it intended to exercise the option, and renewed the lease from September 1, 1935, to September 1, 1937. Plaintiff further avers that on July 17, 1937, he notified the defendant, by registered mail, to vacate the premises on September 1, 1937 (which was the date on which the renewal of the original lease terminated), and that, notwithstanding said notice to vacate, it is still in actual possession of the leased premises without any right whatsoever.

Upon plaintiff's presentation of the petition and affidavit to the trial judge, he issued an order for the defendant to show cause why it should not be condemned to vacate the premises. At the trial of the rule for possession, the defendant contended that plaintiff's demand was not well founded for two reasons: First, that the notice to vacate was not served upon it as required by law; and, second, that the lease did not terminate on September 1, 1937, because the plaintiff had, on January 10, 1936, verbally leased the premises to it for an indefinite length of time at a monthly rental of $150; said lease to be in full force until plaintiff was compelled to demolish the building.

After hearing the evidence adduced upon the issues raised by the pleadings, the district judge made the rule absolute and ordered the defendant to vacate the premises. This appeal has been prosecuted from the adverse decision.

The defendant first contends that the notice to vacate, served upon it by the plaintiff, is insufficient to meet the requirements of the Revised Statutes, § 2155, as amended by Act No. 200 of 1936. On July 17, 1937, the plaintiff mailed a registered letter to the defendant at 928 North Rampart street, New Orleans (where the defendant

operates another motion picture theatre), notifying it to vacate the leased premises on September 1, 1937 (the date on which the renewal of the lease terminated). It is said that this notice was improper and ineffective because it was not delivered to the copartnership at the leased premises, and was not served upon one of the members of the firm. These contentions are not meritorious because R.S. § 2155, as amended, merely requires that the lessor "shall give to the tenant a notice in writing to vacate, * * * thirty days before the expiration of the said lease, if the said lease be in writing, and for a term of one or more years or otherwise, other than by the month." The registered letter in the instant case was delivered to one of the employees of the defendant copartnership, and on the following day this employee turned the same over to Alex Schulman, a member of the firm. Hence the defendant, through one of its members, was actually notified in writing to vacate the premises long before the expiration of the lease. The fact that the written notice was sent to the defendant at an address other than the leased premises is of no consequence, because the statute does not require that service of the notice be made in any specific fashion or at any particular place, but merely provides that the tenant be notified in writing.

Finally, the defendant maintains that the renewal of the original lease which extended the same to September 1, 1937, was abrogated by verbal agreement between the parties during the month of January, 1936. Alex Schulman testified that, at that time, while he was making certain repairs to the theatre, the plaintiff told him that, if he (plaintiff) was successful in having his lease to the land, on which the building was situated, extended, the defendant could remain in possession of the property for an indefinite period, or until such time as the building would have to be demolished or removed from the real estate. In this statement, he is feebly corroborated by two of the defendant's employees, Surcouf and Luccioni. The plaintiff, on the other hand, has vigorously denied that he made such an agreement.

The district judge was evidently of the opinion that the plaintiff's testimony should prevail, and we concur in his finding. Moreover, even though we were satisfied that plaintiff did make the verbal agreement contended for by the defendant, the result in the case would be the same. Articles 2685 and 2686 of the Civil Code provide that where a house or other edifice is rented without any fixed time for the duration of the lease, the lease shall be considered to have been made by the month. Therefore, conceding, for the sake of discussion only, that such an agreement between the parties was had for leasing the premises for an indefinite length of time and that this agreement had the force of abrogating the renewal of the lease which terminated on September 1, 1937, such verbal contract could only have effect in law as a lease by the month. It follows that the notice given the defendant by the plaintiff on July 17, 1937, to vacate the premises by September 1, 1937, did, in either event, comply with the requisites of R.S. § 2155, as amended.

The judgment appealed from is therefore affirmed.

Affirmed.

WESTERFIELD, J., absent, takes no part.